[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10020
Non-Argument Calendar

_____

D. C. Docket No. 02-02237-CV-HS-S

THOMAS STUART,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURCES,
CARO SHANAHAN,
in her individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 6, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Stuart appeals the district court's grant of summary judgment on his gender discrimination claims against the Jefferson County Department of Human Resources ("JCDHR") and its director, Caro Shanahan (collectively "the defendants"), brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1983.

## I. Background

Stuart has worked for JCDHR[1] since 1980 and currently holds the position of financial support supervisor. On September 11, 2002, Stuart filed his complaint. In Count I, he alleged that JCDHR discriminated against him on the basis of his gender by failing to promote him, in violation of Title VII. Count II was a § 1983 claim against Shanahan in her individual capacity, in which he alleged that Shanahan violated his constitutional right to equal protection by failing to promote him because of his gender. His complaint listed three occasions when he was denied a promotion: (1) on June 28, 2001, a position as JCDHR program supervisor became available, and Claire Brock was chosen; (2) on October 9, 2001, a promotion to JCDHR program specialist became available, and Jennifer Griffen was promoted; and (3) on June 12, 2002, a position as child support program supervisor became available and Yolanda Boleware was selected. Attached to the

---

[1] JCDHR is an Alabama State Agency, operating in Jefferson County, Alabama, pursuant to Ala. Code § 38-2-8.

complaint was a copy of his EEOC charge, filed on April 1, 2002.

The defendants moved for summary judgment. The district court granted summary judgment in part, dismissing the Title VII claims against JCDHR, but allowing the § 1983 claims against Shanahan to proceed. In considering the Title VII claims, the district court found that the June 2001 claim was untimely, because it occurred more than 180 days before Stuart filed his EEOC charge on April 1, 2002. The district court also found that the June 2002 was procedurally barred, because it fell outside the scope of the incidents alleged in the EEOC charge. Thus, the only Title VII claim addressed by the district court was the one involving the October 2001 promotion. For this claim, the district court concluded that Stuart had made out a prima facie case, but that the defendants had set forth a legitimate, non-discriminatory reason for not selecting Stuart, and that Stuart was unable to show this reason was pretextual.

The defendants moved for reconsideration, asserting that Stuart could not show intent to discriminate under § 1983.[2] The court granted the motion to reconsider and granted summary judgment on the § 1983 claims, finding that, because § 1983 and Title VII are analyzed under the same standards, and Stuart

---

[2] Attached to the motion were copies of evaluations for Griffen and Boleware but because this evidence was presented for the first time in the motion for reconsideration, the district court refused to consider it.

3

had failed to show pretext on his Title VII claims, summary judgment was also appropriate on the § 1983 claims. Stuart now appeals.

## II. Standard of Review

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

## III. Discussion

*A. Timeliness of June 2001 Failure to Promote Claim*

Stuart argues that the district court erred in finding that his June 2001 claim was untimely. As a prerequisite to filing suit under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC. Mitchell v. Jefferson County Bd. Of Educ., 936 F.2d 539, 543 (11th Cir. 1991). "In Alabama, a non-deferral state, a plaintiff must file a Title VII discrimination charge with the EEOC within 180 days of the alleged violation." Tipp v. AmSouth Bank, 76 F.Supp.2d 1315, 1327 (S.D.

4

Ala. 1998), aff'd, 229 F.3d 1166 (11th Cir. 2000). Viewing the facts in the light most favorable to Stuart, July 31, 2001 was the latest date on which he could have been informed that he was denied this promotion. Therefore, as his charge was not filed until April 1, 2002, this claim is outside of the 180 day time period.

Stuart acknowledges this, but urges us to view his claim as a "continuing violation." "In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 448 (11th Cir. 1993). We reject Stuart's contention that his claims are continuing violations. An employer's failure to promote is a discrete act or single occurrence and therefore the continuing violation doctrine does not apply. Nat'l R.R. Passenger Corp v. Morgan., 536 U.S. 101, 114 (2002). For Stuart's claims to be timely, he was required to file his EEOC complaint within 180 days of each discrete employment decision. Because the June 2001 claim arose more than 180 days before Stuart filed his EEOC charge, the district court properly refused to consider it.

B. *June 2002 Claim and Scope of Charge*

Next, we consider whether the district court erred in concluding that Stuart's

June 12, 2002 failure to promote claim was procedurally barred because it was outside the scope of the EEOC charge. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004). Judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination. Gregory, 355 F.3d at 1279-80.

Stuart's EEOC charge alleged two instances of failure to promote (June 2001 and October 2001), but his complaint added a third instance, the June 2002 allegation, which occurred after the filing of the charge. The June 2002 allegation did not amplify or clarify the previous allegations, nor did it grow out of the previous claims. A purpose of Title VII's exhaustion requirement is to notify the defendant of the allegations and to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Green v. Elixir Ind., Inc., 407 F.3d 1163, 1167 (11th Cir. 2005). Stuart never amended or updated his April 1, 2002 EEOC charge, so there was nothing in the charge that would have put the employer on notice of his June 2002 claim. Nor did the EEOC

6

ever have an opportunity to investigate that claim. Accordingly, the district court properly refused to consider the June 2002 claim as being outside the scope of the EEOC charge.

*C. October 9, 2001 Allegation*

Stuart also contends that the district court erroneously concluded that he failed to establish that the defendant's reasons for not selecting him for the October 2001 position were a pretext for discrimination. To evaluate Title VII gender discrimination claims based upon circumstantial evidence[3], courts use the familiar burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). Under this framework, the plaintiff must first establish a prima facie case by showing that (1) he was qualified and applied for the position; (2) he was rejected despite his qualifications; and (3) other equally or less qualified employees who are not members of his gender were promoted. Wilson, 376 F.3d at 1089. Once the plaintiff establishes a prima facie case, the burden shifts to the employer to show a legitimate nondiscriminatory reason for the employer's actions. McDonnell Douglas Corp., 411 U.S. at 802. If the employer does so, the plaintiff

---

[3] This case does involve any direct evidence of discrimination.

7

then bears the burden of demonstrating that the employer's proffered reason was a pretext for discrimination. Id. at 802-04, 807. At that stage, the court should evaluate whether the plaintiff demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs, 106 F.3d at 1538. If the plaintiff fails to offer sufficient evidence of pretext, the employer is entitled to summary judgment in its favor. Chapman v. AI Transport, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000) (en banc). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." Wilson, 376 F.3d at 1088.

We accept the district court's conclusion that Stuart made out a prima facie case with respect to his October 2001 claim. The evidence showed that Stuart was listed on the register of eligibility and met the generic qualifications for the position sought. See Wilson, 376 F.3d at 1089. The defendants, however, proffered legitimate, non-discriminatory reasons for not selecting him, namely that the female chosen for the position–Jennifer Griffen–had more experience for the position at issue. The defendants stated that Griffen had ten years of experience in the child support area, and there is evidence in the record supporting the

8

defendant's position that child support experience was important for the job in question.[4] Stuart concedes that he did not have any experience in child support. Once the defendants put forth this non-discriminatory reason, the burden shifted to Stuart to show that this reason lacked credibility.

Stuart failed to show pretext. He cannot prove pretext merely by baldly asserting that he was better qualified than the person who received the position at issue. Instead, he must proffer evidence that the disparity in qualification was "so apparent as virtually to jump off the page and slap you in the face." Wilson, 376 F.3d at 1090 (citing Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001). "For the discrepancies to 'jump off the page and slap you in the face,' they must be of such weight and significance that no reasonable person could have chosen [Griffen] over [Stuart]." Id.

Here, Stuart failed to offer any evidence that he was more qualified than Griffen, that the discrepancies in their qualifications were so apparent as to jump off the page, or that the defendant's reason why it promoted Griffen over Stuart was otherwise pretextual. See Denney v. City of Albany, 247 F.3d 1172, 1187 (11th Cir. 2001). Accordingly, as Stuart failed to demonstrate pretext, summary judgment was proper.

---

[4] Specifically, Stuart stated in his EEOC charge that he "was informed by letter...that they were particularly interested in applicants with child support experience."

*D.  § 1983 Claims*

Finally, Stuart argues that the court erred by granting the defendants' motion for reconsideration and granting summary judgment on all of the equal protection claims against Shanahan.  To state of a cause of action under § 1983, Stuart must show that his constitutional rights were violated by a person acting under color of state law.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  "When section 1983 is used as a parallel remedy for violation of...Title VII, the *elements* of the two causes of action are the same."[5]  Snider v. Jefferson State Community College, 344 F.3d 1325, 1328 n.4 (11th Cir. 2003) (emphasis in original).

Here, the district court properly granted summary judgment on Stuart's § 1983 claim relating to the October 2001 promotion.[6]  As discussed supra, Stuart failed to establish that the reasons given for the employment decision were a pretext for discrimination.  Nonetheless, the district court erred in dismissing

---

[5] Section 1983 creates no substantive rights; it merely creates a remedy for deprivations of federal constitutional and statutory rights.  Almand v. Dekalb County, 103 F.3d 1510, 1512 (11th Cir. 1997).  Here, Stuart's substantive rights stem from the Equal Protection Clause of the Fourteenth Amendment.  See Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1268 (11th Cir. 2003).

[6] The district court also properly rejected Shanahan's defense of qualified immunity because gender discrimination was a clearly established violation of the law at the time of the alleged violations.  See Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1270-71 (11th Cir. 2003).

Stuart's other two § 1983 claims (the June 2001 and June 2002 claims) because it never made factual findings with regard to those claims. Rather, as discussed supra, the June 2001 and June 2002 claims were never considered on the merits because they were procedurally barred under Title VII.

Although the elements are the same under Title VII and § 1983, Stuart's claims under § 1983 do not involve the same procedural requirements. In particular, the applicable statute of limitations under § 1983 follows the statute of limitations applicable in the state in which the conduct occurred, which, in Alabama, is two years. See Ala. Code § 6-2-38 (2004); Lufkin v. McCallum, 956 F.2d 1104 (11th Cir. 1992). Stuart filed his complaint on September 11, 2002, making the June 2001 and June 2002 claims timely.

Accordingly, we VACATE and REMAND for the district court to address the § 1983 claims against Shanahan arising from the June 2001 and June 2002 promotions and AFFIRM the district court's entry of summary judgment on the Title VII claims and the § 1983 claim arising out of the October 2001 promotion. AFFIRMED in part, VACATED and REMANDED in part.

11