[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13108
Non-Argument Calendar

_____

D. C. Docket No. 06-00096-CV-5-RS-EMT

CATHERINE MORRIS JONES,

Plaintiff-Appellant,

versus

MICHAEL W. WYNNE,
Secretary of the Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 26, 2008)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Catherine Jones, an employee of Tyndall Air Force Base, appeals the district

court's grant of summary judgment in favor of Michael Wynne, Secretary of the Air Force ("Air Force"), on her pro se complaint seeking damages for breach of a settlement agreement that resolved her Title VII agency complaint. On appeal, Jones argues through counsel that her complaint was timely filed with respect to all of her claims. She further contends that the district court erroneously concluded that her supervisor could attest to the required removal of witness statements from her personnel file.[1] For the reasons set forth below, we affirm.

I

We review the grant of summary judgment de novo. *Hinson v. Clinch County, Georgia Bd. of Educ.*, 231 F.3d 821, 826 (11th Cir. 2000). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Jones also argues that she should be permitted to pursue a case based on breach of paragraph 2(c) of the settlement agreement which required detailed job description. She stated in her objections to the magistrate's report and recommendation, however, that the Air Force complied with paragraph 2(c). Therefore, she may not raise this issue on appeal. *FDIC v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir. 1993). Further, to the extent Jones attempted to raise claims related to religious discrimination, hostile work environment, or invasion of privacy before the district court, she did not argue on appeal that the district court erroneously construed her complaint or disposed of these claims through entry of its final judgment in favor of the Air Force. Accordingly, Jones waived any arguments related to these claims. *Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991).

Before a federal employee may pursue a Title VII civil action, she must first seek relief in the agency that has allegedly engaged in discrimination. 29 C.F.R. § 1614.407; *Grier v. Sec'y of Army*, 799 F.2d 721, 724 (11th Cir. 1986). Regulations require the agency to make reasonable efforts to voluntarily settle the complaint as early as possible. 29 C.F.R. § 1614.603. After a settlement agreement is reached, an employee must notify the agency of alleged noncompliance if she wishes to dispute an agency's compliance with the agreement. 29 C.F.R. § 1614.504. If the employee is not satisfied with the agency's resolution of her dispute, she may appeal to the Equal Employment Opportunity Commission ("EEOC") for a determination as to whether the agency has complied with the terms of the settlement agreement or decision. 29 C.F.R. §§ 1614.401(e), 1614.504(b). The Office of Federal Operations of the EEOC is then required to issue a written decision concerning the alleged breach. 29 C.F.R. § 1614.405 (a). Its decision is final, within the meaning of 29 C.F.R. § 1614.407, unless reconsidered. 29 C.F.R. § 1614.405 (b).

An employee may file a civil action within 90 days of the receipt of the EEOC's final decision on an appeal or 180 days after filing an appeal with the EEOC if there has been no final decision by the EEOC. 29 C.F.R. §§ 1614.407(c), (d). Similarly, 42 U.S.C. § 2000e-16(c) provides that a federal employee may file

3

a civil action:

> Within 90 days of receipt of notice of final action taken by . . . the [EEOC] upon an appeal . . ., or after one hundred and eighty days from the filing . . . with the [EEOC] on appeal from a decision or order . . . until such time as final action may be taken by a department, agency, or unit, an employee . . ., if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . .

42 U.S.C. § 2000e-16(c).

We have held that an EEOC decision gives notice of final action if it provides "unambiguous notice that the EEOC has terminated its administrative processing of the charge." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 245 (5th Cir. 1980).[2] Additionally, we have stated that "[w]hen the aggrieved party knows [the] EEOC has completed its efforts, the time for suit has come and the statute fixes its season as 90 days." *Zambuto v. Am. Tel. & Tel. Co.*, 544 F.2d 1333, 1335 (5th Cir. 1977).

We view filing within the 90 day period as a condition precedent subject to equitable tolling or waiver, rather than as a jurisdictional bar. *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983). Once a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

defendant contests the timeliness of the filing of the complaint, the employee bears the burden of establishing that she timely filed her complaint. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002). Likewise, the employee bears the burden of proving that equitable tolling is appropriate. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

We have recognized three distinct situations in which the Title VII limitation periods may be equitably tolled: (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979). We have rejected arguments that pursuit of other remedies affects an employees's duty to assert Title VII claims within applicable periods of limitations. *Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982).

Because the EEOC unambiguously advised Jones that it had terminated administrative processing of her computer training related and other non-witness statement related claims and of her right to file a civil action in its May 18, 2005,

5

Jones's 90 day filing period commenced at that time, and her civil complaint was initiated well outside of the filing period. Further, the factual circumstances of this case do not fall within the three situations that we have recognized as qualifying for equitable tolling of the 90 day filing period. Therefore, we affirm the district court's grant of summary judgment in favor of the Air Force with respect to this claim.

## II.

An employee may waive her cause of action under Title VII as part of a settlement agreement. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15, 94 S. Ct. 1011, 1021 n.15, 39 L. Ed. 2d 147 (1974). The construction of a settlement agreement is a question of law subject to de novo review. *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). The words and terms of a settlement agreement are given their plain and ordinary meaning, and a court should not add or subtract any language from the face of a clearly worded agreement. *Id.*

The parties' settlement agreement only required removal of witness statements from Jones's personnel file. The record does not reveal a dispute as to whether the witness statements were in fact removed. Therefore, even though Jones timely filed her civil action with respect to this claim, the district court

6

properly concluded that this provision of the settlement agreement had not been breached and granted summary judgment in favor of the Air Force.

Accordingly, we affirm as to this issue as well.

**AFFIRMED**