[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16479
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00989-CV-KOB

JACQUELINE E. THOMPSON,

Plaintiff-Appellant,

versus

JOHN M. MCHUGH,
Secretary of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 21, 2010)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jacqueline Thompson appeals a district court order dismissing her complaint

for lack of subject-matter jurisdiction. Thompson initiated the present action to rescind an agreement settling her Title VII claims against the U.S. Army. The district court granted the Army's motion to dismiss, finding that the government had not waived sovereign immunity with respect to Thompson's claim and that the court therefore lacked subject-matter jurisdiction. After reviewing the parties' briefs, we affirm.

## I.

This case arises out of Thompson's allegations that she was sexually harassed while employed by the Army. On March 13, 2008, with the assistance of counsel, Thompson entered into a negotiated settlement agreement with the Army. The settlement agreement provided for monetary damages, attorney's fees, and occupational reassignment. In signing the agreement, Thompson certified that she understood the agreement, freely and voluntarily agreed to its conditions, and accepted its terms.

Four days later Thompson's attorney contacted the Army, requesting rescission of the settlement agreement on the grounds that Thompson was coerced and under duress when she signed the settlement agreement. The Army issued a final decision determining that the settlement agreement was valid. On appeal, the Equal Employment Opportunity Commission ("EEOC") likewise concluded that

2

the agreement was valid and binding. The EEOC also denied Thompson's subsequent motion for reconsideration. Both the EEOC's initial decision and its later denial of the motion for reconsideration informed Thompson that she had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision."

On May 19, 2009, Thompson initiated this action in the U.S. District Court for the Northern District of Alabama. Her complaint alleged that she entered the settlement agreement while "under duress and mental incapacity"—primarily because her mental state, uncontrolled by medication at the time of settlement, interfered with her decision-making ability. She sought to void the agreement, to have her cases referred for further administrative processing, and to obtain attorney's fees. The district court found that it lacked subject-matter jurisdiction and dismissed the case.

## II.

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction. Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

3

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. See United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); see also FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because Thompson is suing the Army, she bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claim.

Thompson contends that there are three grounds for asserting jurisdiction: (1) Title VII, particularly 42 U.S.C. §§ 2000e-16 and 2000e-5(f)(3); (2) various regulations promulgated by the EEOC, specifically 29 C.F.R. §§ 1614.504, 1614.401, and 1614.407; and (3) public policy. For the reasons discussed below, none of these is sufficient to establish federal subject-matter jurisdiction.

First, Title VII does not authorize Thompson's suit. Title VII waives sovereign immunity when a federal employee seeks relief for unlawful employment practices—that is, for "any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a), (c). However, Thompson's complaint does not seek relief for employment discrimination. Her

4

claim is for contract rescission, a claim that is founded on general principles of contract law. She acknowledged as much before the district court: when responding to the defendant's motion to dismiss, she argued that the law applicable to her complaint was "general contract law, which controls all contractual agreements." (Doc. 6, at 2.) That the contract in question resolved Title VII complaints is incidental to Thompson's rescission claim, which is based on allegations of coercion and duress during the contracting process. See Schmidt v. Shah, --- F. Supp. 2d ----, 2010 WL 937920, at *13 (D.D.C. Mar. 17, 2010) (finding that federal employee's claims challenging validity of settlement agreement due to alleged threats, deception, coercion, duress, and poor health were "contractual in nature"); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379, 114 S. Ct. 1673, 1676 (1994) (rejecting the idea that "breach of an agreement that produced the dismissal of an earlier federal suit" can serve as the basis for "asserting otherwise nonexistent federal jurisdiction").

Thompson specifically relies on 42 U.S.C. § 2000e-16(c), which authorizes federal employees to bring civil actions for redress of grievances. However, the statute applies only to civil suits initiated after final agency action or an EEOC determination "on a complaint of discrimination based on race, color, religion, sex or national origin." 42 U.S.C. § 2000e-16(c). As discussed above, Thompson's

present claim is for contract rescission, not unlawful employment discrimination. The statute says nothing about challenges to the validity of settlement agreements between federal departments and their employees. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472, 123 S. Ct. 1126, 1131–32 (2003) (citations omitted). Because Thompson's contract rescission claim is not a claim falling with the scope of Title VII's waiver of sovereign immunity, Title VII does not provide a basis for exercising jurisdiction.

Second, we are not persuaded by Thompson's argument that certain regulations promulgated by the EEOC provide subject-matter jurisdiction. The fact that the EEOC has been given broad power to promulgate regulations does not waive sovereign immunity. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996) (citations omitted). The scope of any waiver must be strictly construed in favor of the government. Id.

In addition, the specific regulations cited by Thompson do not indicate that Congress intended to waive sovereign immunity for claims to rescind Title VII

6

settlement agreements.  See Heller v. United States, 776 F.2d 92, 98 n.7 (3d Cir.

1985) ("[G]overnment regulations alone, without the express intent of Congress,

cannot waive sovereign immunity.").  Section 1614.504 provides a complainant

with certain internal and administrative remedies if she "believes that the agency

has failed to comply with the terms of a settlement agreement."  29 C.F.R.

§ 1614.504.  Section 1614.401 authorizes appeals to the EEOC from "an agency's

final action" or "an agency's alleged noncompliance with a settlement agreement

or final decision in accordance with § 1614.504."  Id. § 1614.401(a), (e).  Neither

of these regulations mentions the possibility of filing a civil action in federal

district court.  The only regulation that does so, section 1614.407, sets forth filing

deadlines for a complainant who "is authorized under title VII, the ADEA and the

Rehabilitation Act to file a civil action."  Id. § 1614.407.  Section 1614.407 does

not purport to authorize civil actions other than those already authorized by the

various statutes.  In short, the regulations cited by Thompson do not establish that

the government has specifically consented to be sued for claims to rescind Title

VII settlement agreements.[1]  See United States v. Transocean Air Lines, Inc., 386

---

[1] Although Thompson argues that she merely followed the procedure outlined in Jones v. Wynne, 266 F. App'x 903, 905 (11th Cir. 2008), her reliance on Jones is unavailing. Unpublished opinions such as Jones "are not controlling authority and are persuasive only insofar as their legal analysis warrants."  Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).  Also, Jones is "not persuasive because its facts are materially different from this case."  Id.  When a federal employee alleges breach of a Title VII settlement agreement, as did the plaintiff in Jones, federal regulations provide certain internal and

7

F.2d 79, 81 (5th Cir. 1967) ("The right [to sue the United States] can be acquired only by the specific consent of Congress, which is not present here.").[2]

Finally, we disagree with Thompson's argument that public policy justifies the exercise of subject-matter jurisdiction. Thompson's general invocation of public policy does not allow us to contravene the well-settled principle that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." Lane, 518 U.S. at 192, 116 S. Ct. at 2096. Although we recognize that the EEOC twice informed her that she had a right to file a civil action appealing the EEOC's determination that the settlement agreement was valid and binding, an agency's actions cannot waive sovereign immunity. See United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660, 67 S. Ct. 601, 604 (1947) ("It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress.").

---

administrative remedies. See 29 C.F.R. §§ 1614.504, 1614.401(e). However, the regulations are silent with respect to claims for *rescission* of Title VII settlement agreements. The Jones Court had no need or occasion to consider the proper procedure for claims like the one Thompson brought in this case.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## III.

For the reasons discussed above, neither Title VII, its implementing regulations, nor public policy waive sovereign immunity so as to allow Thompson's contract rescission claim. Because Thompson does not present any other arguments that sovereign immunity has been waived, we conclude that the district court did not err in dismissing Thompson's claim for lack of subject-matter jurisdiction. The judgment of the district court is **AFFIRMED**.