[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11402
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-60942-RNS

SHERYL R. BOURNE,

Plaintiff-Appellant,

versus

SCHOOL BOARD OF BROWARD COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 1, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Sheryl L. Bourne, an African American woman, appeals the district court's grant of summary judgment in favor of her former employer, the Broward County School Board, on her employment discrimination complaint that alleged racial discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2 and 2000e-3, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1), (7).  In her complaint, Bourne alleged that her white coworker racially harassed her and created a hostile work environment and that the School Board did not take any action in response (Counts I and IV).  Bourne also alleged that the School Board retaliated against her "for opposing the racially discriminatory and harassing behavior of her co-worker" by terminating her (Counts II and V).  Bourne further alleged that the School Board retaliated against her for opposing her co-worker's behavior and filing a complaint with the Board's internal Department of Equal Educational Opportunities (EEO), in which she "complain[ed] of the harassment . . . and of retaliation in connection with her termination," by refusing to interview or hire her for a vacant position (Counts III and VI).

On appeal, Bourne challenges the district court's decision to grant summary judgment in favor of the School Board on Counts I and IV on the ground that her claims were time-barred.  Bourne argues she was entitled to equitable tolling of the applicable filing deadlines.  Bourne also appeals the district court's decision to

grant summary judgment in favor of the School Board on Counts III and VI on the ground that Bourne "failed to establish a prima facie case for her retaliation claims" because "she did not engage in statutorily protected activity."  Bourne argues that she did establish a prima facie case, under an alternative test, because she was fired after she filed a complaint to the School's Board's internal EEO office.[1]

"We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court."  Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  "Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact . . . ."  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (quotation marks omitted).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor."  Id.  In making this determination, we "make all reasonable inferences in favor of the party opposing summary judgment."  Id.  We also review de novo a district court's legal decision on equitable tolling.  See Drew v. Dep't. of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002).

I.

---

[1] The district court also granted summary judgment in the School Board's favor on Counts II and V.  Bourne does not appeal the ruling on these counts.

The district court dismissed Bourne's racial discrimination/hostile work environment claims, Counts I and IV, as time-barred.  Prior to filing a Title VII claim, such as Count I, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004).  That discrimination charge must be filed in a timely manner: within 180 days of the discriminatory act or, in some states including Florida, within 300 days "if proceedings are instituted with the state agency."  See Thomas v. Fla. Power & Light Co., 764 F.2d 768, 769 (11th Cir. 1985).  Prior to filing a claim under the FCRA, like the one Bourne asserted in Count IV, a plaintiff must file formal charges with the EEOC or a state commission within 365 days of the alleged FCRA violation.  Fla. Stat. § 760.11(1).

Bourne's last day at work was March 30, 2007.  This is the last day that any discriminatory acts related to a hostile work environment could have taken place. Bourne did not file her charge of discrimination with the EEOC until March 31, 2008, 367 days later.  Therefore, the charge was not timely filed.

However, our inquiry does not end there.  Title VII's timely-filing requirement is non-jurisdictional, so it may be subject to equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982). "[T]raditional equitable tolling principles require a claimant to justify her untimely

4

filing by a showing of extraordinary circumstances," such as fraud, misinformation, or deliberate concealment.  Jackson v. Astrue, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007).  Under the equitable tolling doctrine, the time period to file a discrimination charge with the EEOC "does not start to run until a plaintiff knew or reasonably should have known that she was discriminated against."  Carter v. W. Publ'g Co., 225 F.3d 1258, 1265 (11th Cir. 2000).[2]  "A plaintiff who asserts the applicability of equitable tolling bears the burden of proving that it is appropriate."  Id.

Bourne has not sufficiently demonstrated that she did not know or reasonably should have known that she was discriminated against.  See Carter, 225 F.3d at 1265.  Contrary to Bourne's argument, the fact that she had filed a complaint with the School Board's internal EEO in October 2007 does not prove that equitable tolling is appropriate.  Instead, it factors against equitable tolling because it supports the district court's conclusion that "[t]here is no genuine dispute that by the time Bourne was informed of her termination she was possessed of sufficient facts to bring a complaint for discrimination."

Neither has Bourne shown that she was not "generally aware of her legal right to obtain redress."  See Stewart v. Booker T. Washington Ins., 232 F.3d 844,

---

[2] Decisions construing Title VII apply when evaluating claims under the FCRA.  See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

853 (11th Cir. 2000). Also, she has not offered any evidence suggesting that her late filing was the result of fraud, misinformation, or deliberate concealment. See Carter, 225 F.3d at 1265. Therefore, equitable tolling does not apply and it was proper for the district court to grant summary judgment to the School Board on the grounds that Counts I and IV were time-barred.

## II.

The district court dismissed Bourne's retaliatory failure to hire claims, Counts III and VI, on the grounds that Bourne had not established a prima facie case. In order to make out a prima facie case of retaliation under Title VII and the FCRA, a plaintiff must show that: (1) she engaged in an activity protected under Title VII, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action. McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008).

Under Title VII and the FCRA there are two categories of protected activity: those activities that fit under the "opposition clause" of 42 U.S.C. § 2000e-3(a) and those activities that fit under the "participation clause." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1185 (11th Cir. 1997). The district court focused on whether Bourne's activity fit under the "opposition clause" and determined that it did not. Bourne does not challenge this determination. And our review of the record

6

supports the district court's determination that her activities were not protected on these grounds.

Bourne argues that the district court erred by failing to consider whether her actions constituted "protected activity under the "participation clause" because her actions properly fit in that category. The participation clause protects an employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the relevant section. 42 U.S.C. § 2000e-3(a); see also Fla. Stat. § 760.10(7).

Bourne's argument fails. Contrary to Bourne's argument, she cannot find refuge under the "participation clause" on the grounds that she had filed a complaint with the School Board's internal EEO office prior to submitting applications for the vacant positions. This Court has explained that the participation clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000); see also Guess v . City of Miramar, 889 So. 2d 840, 846-47 (Fla. 4th DCA 2004) (discussing the "participation clause" in the context of a FCRA claim). At the time Bourne applied for the vacant positions, she had not yet filed a charge with the EEOC or otherwise instigated proceedings

7

under the statute.  Therefore, her conduct does not come under the "participation clause."  See Total Sys. Servs., 221 F.3d at 1175 n.2; Guess, 889 So. 2d at 846-47.

Because Bourne did not engage in statutorily protected activity, she did not establish a prima facie case of retaliation.  Therefore, it was proper for the district court to grant summary judgment in favor of the School Board.

III.

Upon review of the record and upon consideration of the parties' briefs, we affirm.

**AFFIRMED.**