# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-1096

———————————————

WASHINGTON COUNTY SCHOOL
BOARD, CALHOUN COUNTY
SCHOOL BOARD, JACKSON
COUNTY SCHOOL BOARD AND
PANHANDLE AREA EDUCATIONAL
CONSORTIUM, d/b/a PAEC,

    Petitioners,

    v.

TONY DAVIS,

    Respondent.

———————————————

Petition for Writ of Certiorari—Original Jurisdiction.

January 23, 2025

PER CURIAM.

The Jackson County School Board (JCSB) petitions for writ of certiorari seeking to quash the trial court's denial of its motion for summary judgment on Respondent Tony Davis's complaint raising retaliation claims. JCSB alleges that Mr. Davis failed to comply with presuit administrative requirements as to certain retaliatory refusal-to-hire claims, thereby depriving the trial court of jurisdiction to decide those claims. We conclude that the trial court departed from the essential requirements of the law by denying

JCSB summary judgment because Mr. Davis failed to timely file a complaint or charge with regard to the at-issue claims.

Prior to seeking employment with JCSB, Mr. Davis was previously employed by the Washington County School Board (WCSB) and the Calhoun County School Board (CCSB). Mr. Davis also filed suit against WCSB and CCSB alleging in each suit that the defendant school board violated the Florida Civil Rights Act (FCRA); Mr. Davis's suit against WCSB was filed and settled in 2006, and his suit against CCSB was filed in 2014 and settled in 2015. Mr. Davis then applied for several open physical education and paraprofessional positions with JCSB but was denied employment.

Mr. Davis then filed the underlying complaint, alleging in part that JCSB denied him employment as retaliation for filing the previous suits against WCSB and CCSB. The defendants filed a motion for summary judgment in which JCSB argued Mr. Davis failed to exhaust administrative remedies related to three of the denied employment positions. Specifically, JCSB asserted Mr. Davis did not timely file charges with the Florida Commission on Human Relations (FCHR) or the Equal Employment Opportunity Commission (EEOC) alleging unlawful retaliatory acts as required per section 760.11(1), Florida Statutes. Section 760.11(1) requires charges alleging retaliation be filed within 365 days from the date of the violation, but Mr. Davis filed his claim with the EEOC more than 365 days after the hiring decisions in three of the jobs he applied for were made. The trial court denied summary judgment, stating "[Mr. Davis]'s claims are, in fact, timely pursuant to the continuing action doctrine and/or was like or related to, or grew out of, the allegations contained in his EEOC charge."

On appeal, JCSB seeks certiorari relief arguing the court departed from the essential requirements of law in denying its motion for summary judgment because the trial court erred in its determination that Mr. Davis complied with presuit requirements and exhausted his administrative remedies. We agree.

To obtain certiorari relief, the petitioner must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be

2

corrected on post judgment appeal." *Fla. Fish & Wildlife Conservation Comm'n v. Jeffrey*, 178 So. 3d 460, 464 (Fla. 1st DCA 2015) (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)). "The latter two elements—which are often collectively referred to as 'irreparable harm'—are jurisdictional and must be considered first." *Id.* Accordingly, we initially address whether JCSB demonstrated irreparable harm before analyzing whether the order on appeal departs from the essential requirements of the law.

Prior to filing a suit alleging a violation of the FCRA, codified under chapter 760, Florida Statutes, a plaintiff must file an administrative charge for the alleged violation with either the FCHR or the EEOC, thereby fulfilling the requirement to exhaust administrative remedies. *See* § 760.11(1), Fla. Stat. The administrative process is initiated by timely filing a charge of discrimination with the FCHR "within 365 days of the alleged violation." *Id.*; *see also Abadi v. Walt Disney World Parks & Resorts*, 338 So. 3d 1101, 1103 (Fla. 1st DCA 2022). The supreme court has recognized the granting of certiorari relief is appropriate to implement legislatively adopted policy concerning prerequisites which must be followed prior to proceeding with certain claims. *See Globe Newspaper Co. v. King,* 658 So. 2d 518 (Fla. 1995).

Failure of a plaintiff to comply with presuit requirements supports certiorari jurisdiction because the statutes cannot be "meaningfully enforced post-judgment because the purpose of the pre-suit screening is to avoid the filing of the lawsuit in the first instance." *See Bradshaw v. Bott*, 205 So. 3d 815, 817 (Fla. 4th DCA 2016) (quoting *Univ. of Cent. Fla. Bd. of Tr. v. Turkiewicz*, 21 So. 3d 141, 145 (Fla. 5th DCA 2009)). "Certiorari review is 'intended to fill the interstices between direct appeal and the other prerogative writs' and allow a court to reach down and halt a miscarriage of justice where no other remedy exists; it 'was never intended to redress mere legal error.'" *Williams v. Oken*, 62 So. 3d 1129, 1133 (Fla. 2011) (quoting *Broward Cnty. v. G.B.V. Int'l, Ltd.*, 787 So. 2d 838, 842 (Fla. 2001)). Here, irreparable harm necessary for certiorari relief is present because Mr. Davis failed to satisfy the required administrative remedies.

It is undisputed that Mr. Davis did not timely file a complaint or charge with the FCHR or the EEOC alleging discriminatory hiring practices as to the at-issue positions for which he was denied employment. JCSB rendered its hiring decisions for Job No. 933 on May 18, 2015, for Job No. 936 on May 21, 2015, and for Job No. 1065 on August 3, 2015. Mr. Davis filed a form charge of discrimination with the EEOC regarding these positions on August 3, 2016, well outside the 365-day period for Job Nos. 933 and 936 and one-day past the prescribed period for Job No. 1065. Despite the untimely filing, Mr. Davis argues that JCSB cannot demonstrate irreparable harm would follow from the denial of summary judgment as to those positions because his complaint would proceed on the remaining claims of retaliatory refusal to hire. We disagree for two reasons.

First, a base reading of section 760.11(1) supports JCSB's position. The subsection directs "any person aggrieved by a violation" of the FCRA to file a complaint with the FCHR or EEOC within the prescribed period. § 760.11(1), Fla. Stat. Mr. Davis pled the hiring decisions for Job Nos. 933, 936, and 1065 were discriminatory or retaliatory, each representing a singular violation of the FCRA. Second, despite Mr. Davis's contention that irreparable harm cannot occur where an entire claim is not dispensed, courts may parse out and dismiss claims for which administrative remedies or presuit requirements were not exhausted. *See, e.g.*, *Stuart v. Jefferson Cnty. Dep't of Hum. Res.*, 152 F. App'x 798, 800 (11th Cir. 2005) (where underlying complaint alleged multiple claims for discrimination in failing to promote, appellate court affirmed dismissal of singular claim for failure to timely file EEOC charge within prescribed period); *Gardner v. Madison Cnty. Sch. Bd.*, No. 4:15cv121-MW/CAS, 2016 WL 9506040, at *2 (N.D. Fla. Jan. 22, 2016); *Nelson v. Cnty. of Pima*, No. CV-21-00455-TUC-JCH, 2023 WL 112787 (D. Ariz. Jan. 5, 2023).

We turn to question of whether the order on appeal departs from the essential requirements of the law. "A departure from the essential requirements of the law 'is something more than a simple legal error' . . . '[t]here must be a violation of a clearly established principle of law resulting in a miscarriage of justice.'" *Sch. Bd. of Hillsborough Cnty. v. Woodford*, 270 So. 3d 481, 484 (Fla. 2d DCA

4

2019) (citations omitted). JCSB contends the court plainly erred in its determination that Mr. Davis's claims were timely filed pursuant to the continuing violation doctrine or were like or related to, or grew out of, the allegations made in his EEOC charge.

We first address the court's determination that Mr. Davis timely filed his charge with EEOC per the continuing violation doctrine. The Eleventh Circuit recently explained:

> A prior violation of a plaintiff's constitutional rights is not a continuing violation simply because its effects linger in the present. Instead, we must "distinguish[] between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of the violation into the present which does. . . . Only ongoing violations satisfy the continuing violation doctrine and remain timely despite accruing outside the statutory limitation period.

*Doe as Next Friend of Doe #6 v. Swearingen,* 51 F.4th 1295, 1305 (11th Cir. 2022) (citations omitted). Put another way, an allegation that an act of discrimination represents a continuing violation requires a continuity between a violative action and subsequent action such that the latter is a direct extension of the former and represents one continuous violation. But "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

In *Morgan*, the Supreme Court determined "42 U.S.C. § 2000e–2 explains in great detail the sorts of actions that qualify as '[u]nlawful employment practices' and includes among such practices numerous discrete acts." *Id.* at 112. "We have repeatedly interpreted the term 'practice' to apply to a discrete act or single 'occurrence,' even when it has a connection to other actions." *Id.*; *see also Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 638 (2007) ("A discrete act of discrimination is an act that in itself 'constitutes a separate actionable unlawful employment practice' and that is temporally distinct."). Discrete acts "are easy

5

to identify" and include such as practices like "termination, failure to promote, denial of transfer, or *refusal to hire." Morgan*, 536 U.S. at 114; *see also E.E.O.C v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (discussing the discriminatory basis for a refusal to hire as "discrete, one-time employment events"); *Williams v. Sch. Bd. of Polk Cnty., Fla.*, No. 8:14-cv-03199-T-27AEP, 2015 WL 8773286, at *2 (M.D. Fla. Dec. 14, 2015) (denying that the refusal to hire constitutes a continual action).

Turning back to the instant appeal, Mr. Davis was refused employment as to Job Nos. 933, 936, and 1065. The trial court's acceptance of his contention that each denial of employment represents a singular, continuous violation does not accord with *Morgan* and its treatment of refusals to hire as discrete acts.

The trial court alternatively concluded that the at-issue hiring decisions were "like or related to, or grew out of, the allegations contained in his EEOC charge." The order on appeal cites for support *Gregory v. Georgia Department of Human Resources*, 355 F.3d 1277 (11th Cir. 2004). In *Gregory*, the plaintiff doctor filed a presuit discrimination charge with the EEOC alleging discriminatory termination and then filed with the court a complaint alleging discriminatory termination *and* retaliation. *Id.* at 1278–79. The Eleventh Circuit determined that the plaintiff's failure to allege retaliation in her EEOC charge will not preclude a cause of action for retaliation in a subsequent complaint because "[the plaintiff] stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation[.]" *Id.* at 1280.

*Gregory* centered on whether the facts underlying a charge for discrimination could support a suit alleging retaliation even if retaliation was not stated in the EEOC charge. Here, the issue is whether Mr. Davis complied with statutory presuit requirements and exhausted his administrative remedies for three specific hiring decisions. Mr. Davis's EEOC charge form identifies the discriminatory act at issue as a "continuous action" and states that he "has applied for 70 or more jobs for which is he qualified for and has been denied employment due to his prior lawsuits against county school boards." Yet under the rationale of *Morgan*, refusals to hire are "discrete discriminatory acts are not actionable if time

6

barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Even though Mr. Davis may have alleged a continuous action and even if the refusals to hire may be related, each violation must be timely pled within the prescribed period. As such, the trial court erred in accepting that Mr. Davis timely exhausted his administrative remedies based on the determination that the at-issue hiring decisions related to, or grew out of, the filed EEOC charge.

As to Mr. Davis's "tipsy coachman" argument that the doctrine of equitable modification supports affirmance, we disagree. Also known as equitable tolling, "the doctrine . . . was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period." *Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1133 (Fla. 1988). In other words, "the applicable limitations period [does] not begin to run 'until the facts which would support the cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his [or her] rights.'" *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1264 (11th Cir. 2003) (citation omitted). Mr. Davis asserts the prescribed period must be measured from the date he learned of the refusal to hire as a discriminatory or retaliatory act rather than the date the decision was made. We disagree.

"Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *Machules*, 523 So. 2d at 1134; *see also Jones v. Wynne*, 266 F. App'x 903, 906 (11th Cir. 2008); *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986); *Fulford v. Miami-Dade Cnty.*, 219 F. Supp. 3d 1248, 1254 (S.D. Fla. 2016). Here, Mr. Davis does not argue any action on part of JCSB to conceal certain facts or to mislead Mr. Davis as to his rights. Rather, he contends that the doctrine applies because he found out about the alleged discriminatory or retaliatory basis for his denials of employment "in or around 2016." But this reflects a misunderstanding of the foundation required for an equitable tolling of the limitations period, as there must be proffered evidence of a concealment, fraud, or misinformation on part of the petitioner to obscure the basis for the at-issue refusals to hire. *See Bourne v. Sch. Bd. of Broward Cnty.*, 508 F. App'x 907,

909 (11th Cir. 2013) (denying equitable modification argument because plaintiff had "not offered any evidence suggesting that her late filing was the result of fraud, misinformation, or deliberate concealment."); *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1026 (11th Cir. 1994) ("[M]ere suspicion of age discrimination, unsupported by personal knowledge of discrimination, will not constitute pretext.").

Even if Mr. Davis did allege with particularity some deliberate action on part of JCSB to conceal certain facts, the record does not support a tipsy coachman argument for equitable modification. The record shows Mr. Davis already suspected retaliation or discrimination when JCSB rendered the at-issue hiring decisions. Specifically, his testimony below suggests he was immediately suspicious when he was denied employment and so could have filed an FCRA claim within 365 days of each refusal to hire.

For the reasons stated above, we grant JCSB's petition for writ of certiorari, quash that portion of the order denying JCSB summary judgment as to the at-issue claims, and remand for further proceedings.

PETITION GRANTED, ORDER QUASHED, and REMANDED for further proceedings.

OSTERHAUS, C.J., and ROBERTS and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Bob L. Harris, James J. Dean, and Cameron H. Carstens, Messer Caparello, P.A., Tallahassee, for Petitioners.

Marie A. Mattox and Ashley N. Richardson, Marie A. Mattox, P.A., Tallahassee, for Respondent.