[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13345
Non-Argument Calendar

_____

D. C. Docket No. 04-00078-CV-HL-7

LESTER WALLACE,

                                                  Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF TRANSPORTATION,

                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 13, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Lester Wallace, a black male proceeding pro se, appeals the district court's

grant of summary judgment in favor of the Georgia Department of Transportation

("GDOT") with regard to his claims of retaliation and of disparate treatment based

on race in an employment discrimination action brought pursuant to Title VII, 42

U.S.C. §§ 2000e-2 and 2000e-3.[1]  In his complaint, Wallace alleged that, in

receiving a written reprimand as a result of a GDOT investigation into employee

misuse of department computer equipment, he was treated worse on account of his

race than other GDOT employees who had engaged in similar or worse

misconduct.  He also alleged that the June 2002 written reprimand was in

retaliation for his filing of an Equal Employment Opportunity Commission

("EEOC") complaint in November 2001.

On appeal, Wallace argues that the district court erred in granting summary

judgment as to his disparate treatment claim because he had presented evidence

that 15 other similarly situated GDOT employees, who were white, had received

preferential treatment in that their computers were not checked and they did not

receive any disciplinary action.  He asserts that this evidence is sufficient, under

the standard set forth in Burlington Northern & Santa Fe Ry. Co. v. White,

---

[1]  Wallace also raised below a hostile work environment claim and a disparate impact
claim under Title VII as well as claims under the Americans with Disabilities Act ("ADA").
However, Wallace has failed to raise any argument as to these claims in his appellate brief and,
therefore, we deem these claims to have been abandoned.  See Access Now, Inc. v. Sw. Airlines
Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

___ U.S. ___, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), to defeat a summary judgment motion for a claim brought under Title VII's anti-discrimination provision.  He also argues that the district court, in granting summary judgment as to his retaliation claim, erred in finding that there was not a causal connection between the EEOC filing and the written reprimand.  Finally, Wallace suggests that the district court abused its discretion by not notifying him of the GDOT's partial motion for summary judgment and its motion for reconsideration of a prior partial denial of summary judgment and by not granting him leave to respond to these pleadings.

"We review a grant of summary judgment de novo, using the same legal standard as the district court."  Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997).  Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).  There is a genuine issue of material fact only if the non-moving party has produced evidence that a reasonable fact-finder could return a verdict in its favor.  Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The evidence, and all inferences drawn from the facts, must be viewed in

3

the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552.

## A.    Disparate Treatment Claim

To establish a prima facie case of racial discrimination, the plaintiff must show, among other things, that he suffered an adverse employment action. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000). If the plaintiff establishes a prima facie case, the employer then bears the burden to show a legitimate and non-discriminatory reason for the employment action. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). If this burden is met, then the presumption is rebutted and the burden shifts back to the plaintiff to show the proffered reason was a pretext for discrimination. Id.

We have stated that "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1238 (11th Cir. 2001), and that to prove an adverse employment action "an employee must show a serious and material change in the terms, conditions, or privileges of employment." Id. "Moreover, the employee's

4

subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Id. at 1239.

Under the standard articulated in Davis, Wallace cannot establish that his written reprimand constitutes an adverse employment action needed for a prima facie disparate treatment case. The written reprimand did not lead to any tangible harm in the form of lost pay or benefits. See Davis, 245 F.3d at1240-41. Moreover, there is no evidence that Wallace has been denied job promotions as a result of the written reprimand. We reject Wallace's argument that Burlington Northern applies to his substantive disparate treatment claim. The Supreme Court made clear in that case that the standard defining an adverse employment action in the context of retaliation claim does not apply to a core Title VII discrimination claim. See ___ U.S. at ___, 126 S.Ct. at 2414. Therefore, with regard to what constitutes an adverse employment action in the context of a disparate treatment claim, Davis still controls.

**B.**     **Retaliation**

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a

5

prima facie case of retaliation under Title VII, "a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events." Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002) (quotation and alterations omitted). As noted above, the Supreme Court has defined an adverse employment action in context of a retaliation claim as an action by an employer that is harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, __ U.S. at __, 126 S.Ct. at 2409.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (alterations and quotations omitted). Moreover, "[f]or purposes of a prima facie case, 'close temporal proximity' may be sufficient to show that the protected activity and the adverse action were not 'wholly unrelated.'" Id. We have noted that the Supreme Court in a Title VII retaliation case has stated that in order to show a causal connection "mere temporal proximity between knowledge of protected activity and an adverse action must be 'very close.'" Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (involving

6

alleged retaliation under the ADA) (citing <u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (alterations omitted)). Moreover, we have observed that the Supreme Court has cited with approval decisions in which a three to four month disparity was found to be insufficient to show causal connection. <u>Id.</u> We concluded that "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." <u>Id.</u>

"If a plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to produce legitimate reasons for the adverse employment action." <u>Brochu</u>, 304 F.3d at 1155 (quotations omitted). Thereafter, the plaintiff must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were pretextual. <u>Id.</u>

In his summary judgment motion, Wallace alleged that the written reprimand was in retaliation for the filling of his EEOC complaint. That complaint was filed on November 19, 2001. The written reprimand was not issued until June 28, 2002, some seven months after the EEOC complaint was filed. In absence of additional evidence showing causation, this seven-month disparity is insufficient to show the requisite causal connection needed to establish a <u>prima facie</u> case of

7

retaliation.  See Higdon, 393 F.3d at 1220.

**C.    Court's treatment of GDOT's partial motion for summary judgment and motion for partial reconsideration**

"Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education.  Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . ."  GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).  Where a pro se litigant has demonstrated previous proficiency in filing timely motions and responses, he cannot then use his pro se status as a "defensive shield" from his own neglect.  See Pellegrino v. Marathon Bank, 640 F.2d 696, 698-99 (5th Cir. Mar. 25, 1981).

A review of the record reveals that, contrary to Wallace's assertion, the district court did not grant the GDOT exclusive leave to file its motions while prohibiting Wallace from filing his responses.  The certificates of service attached to these GDOT's motions show that they were served upon Wallace and that he had notice of their respective filing.  Given that Wallace has properly filed in the instant case numerous motions and responses, he cannot now use his pro se status as an excuse for his failure to file his responses to these motions.  See Pelligrano, 640 F.2d at 688-89.

Based on a review of the record and the parties' briefs, we discern no

reversible error.  For the reasons stated above, we affirm the district court's grant

of summary judgment in favor of the GDOT.

**AFFIRMED.**