[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2010
JOHN LEY
CLERK

Nos. 09-11853 & 09-12134
Non-Argument Calendar
_____

D. C. Docket No. 08-22896-CV-UU

LEINNETTE THOMAS,

Plaintiff-Appellant,

versus

MIAMI DADE PUBLIC HEALTH TRUST,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 8, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Leinnette Thomas, proceeding *pro se*,[1] appeals from the district court's grant

of summary judgment in favor of her former employer, the Miami Dade Public

Health Trust (Trust), in her employment discrimination lawsuit under Title VII of

the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e-3(a), the

Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10,[2] and the Florida Whistle-

blower's Act (FWA), Fla. Stat. § 112.3187.  Thomas also appeals from the district

court's denial of her motion for summary judgment.  Specifically, Thomas argues

(1) the Trust retaliated against her by denying a promotion and a reasonable

accommodation; (2) the Trust retaliated against her by taking other adverse actions

prior to the time she filed her EEOC charge; (3) the Trust retaliated against her by

suspending, disciplining, and terminating her following the filing of her EEOC

charge; and (4) the Trust is liable under the Florida Whistle-blower's Act for

---

[1]  "[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

[2]  "The [FCRA] was patterned after Title VII, and Florida courts have construed the act in accordance with decisions of federal courts interpreting Title VII." *Wilbur v. Correctional Services Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir.  2004).  Consequently, a separate analysis of FCRA claims in a Title VII action is not required. *See id.*

retaliation against her whistle-blowing activities.[3]  We discuss each of these issues in turn and affirm.[4]

I.

Thomas contends the failure to promote her to the position of Assistant Supervisor and the denial of a reasonable accommodation to be exempt from emergency room work were retaliatory acts of the Trust in response to her complaints about department practices.

Under the anti-retaliation provision of Title VII, it is unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  Procedurally,

---

[3]  Thomas also argues the Trust's attorney committed fraud on the court and additionally, she makes a reference to her right to recovery under 42 U.S.C. § 1981.  These arguments are waived because neither of these issues were included in her complaint or in her arguments before the district court. *MS Dealer Service Corp. v. Franklin,* 177 F.3d 942, 949 (11th Cir. 1999).

[4]  We review *de novo* a district court's decision to grant summary judgment. *Maynard v. Board of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003).  "A party seeking summary judgment must demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted).  We apply the same legal standards as the district court, and view all the facts and reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 507 (11th Cir. 2000).

however, a plaintiff must first preserve a claim for relief.  "Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . . [to] give the defendant fair notice of what the claim is and the grounds upon which it rests.'  To that end, a complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citations and alteration omitted).  Allegations must plausibly suggest and not merely be consistent with a legal violation.  *Id.* at 974 n. 43.

This Court has described the relationship between an EEOC charge and the ensuing judicial  complaint as follows:

> The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation.  No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge.  EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'  A 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'

*A.M. Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir.  2000) (internal citations omitted) (overruled on other grounds by *Manders v. Lee*, 388 F.3d 1304, 1328 n.52 (11th Cir. 2003)).  Judicial claims are proper if they

"'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Gregory v. Georgia Department of Human Resources*, 355 F.3d 1277, 1279-80 (11th Cir. 2004). Further, a court must determine if the allegations in the complaint were like or related to, or grew out of, the allegations in the EEOC charge. *Id.* at 1280.

The district court did not err in its determination that Thomas's retaliation claims for the failure to promote and the denial of a reasonable accommodation were not pled in her complaint.[5] Thomas's complaint alleged the failure to promote her to Assistant Supervisor occurred as a result of race and sex discrimination, not retaliation. Her EEOC charge asserted the failure to promote her was only a result of retaliation. Accordingly, her race and sex discrimination allegations were not exhausted administratively and were thus barred.[6]

Similarly, the complaint did not allege the denial of a reasonable accommodation in either of the counts that pled retaliation. The general language in these counts did not place the Trust on notice that Thomas was claiming the denial of a specific accommodation in her workplace was unlawful retaliation.

---

[5] The complaint was drafted by an attorney for Thomas.

[6] The complaint did allege general "adverse personnel actions" resulted from retaliation. This allegation does not refer to the Assistant Supervisor position because Thomas admitted her complaint was really intended to plead the denial of a second, different promotion–one that was not exhausted by her EEOC complaint.

*Davis*, 516 F.3d at 974-75. Moreover, the general retaliation counts in the complaint did not relate to or focus on the denial of a specific accommodation that was listed in the EEOC charge. *Gregory*, 355 F.3d at 1279-80. The district court correctly granted summary judgment to the Trust on these claims.

## II.

Thomas argues several other retaliatory acts occurred in the months and years prior to the date of the EEOC filing. Although these claims were not included in the EEOC charge, Thomas contends they are exhausted because she provided a long list of administrative agencies she contacted prior to filing suit.

Thomas's EEOC charge specifically described two acts of retaliation that were presented to the EEOC for investigation. The charge further specified these acts occurred only in a certain time period. Accordingly, any other acts of retaliation that occurred prior to the date of the EEOC charge that were not included in the charge were not exhausted and could not be considered by the district court. *Gregory,* 355 F.3d at 1279. Summary judgment was properly granted to the Trust on these claims.

## III.

Thomas contends a genuine issue of fact exists with respect to retaliation resulting in her suspension, the issuance of a Disciplinary Action Report, and her

ultimate termination from employment. She argues these acts occurred in retaliation for her EEOC charge and her history of exposing mismanagement in her department.

Thomas did not file a separate EEOC charge for alleged retaliatory acts occurring after the date of her filed EEOC charge. However, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981); s*ee also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168-69 (11th Cir. 1988) (following *Gupta*). Thus, the district court could only consider claims to the extent Thomas contended they were caused by the filing of her EEOC charge, and any other causes for such actions were properly not considered.

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). To satisfy the causation element, the plaintiff must show the protected activity when the adverse employment action was taken, and the

protected activity and the adverse action were not "wholly unrelated." *Farley v. Nationwide Mut. Ins. Co.*,197 F.3d 1322, 1337 (11th Cir. 1999). This relatedness may be shown if the plaintiff shows the decision maker was aware of the protected conduct, and if there was close temporal proximity between the awareness and the adverse action. *Id.* Conclusory and generalized allegations of discrimination are not probative and are properly stricken by a district court. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998).

Thomas's attempt to establish a *prima facie* case of retaliation fails. The Trust submitted uncontroverted evidence it did not have notice or knowledge of the filing of Thomas's EEOC charge at the time of her suspension. Further, the six- to eight-month time gap between the filing of Thomas's EEOC charge and her subsequent disciplinary action and termination was too great to find causation as a matter of law from circumstantial evidence of the passage of time. *See Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (three and one-half months, standing alone, does not show causal connection). Since Thomas did not controvert this evidence, the district court was correct to determine causality did not exist as a matter of law, and the Trust was entitled to summary judgment on these claims.

8

IV.

Thomas argues the Trust is liable to her under the FWA, which prevents retaliatory acts against employees who disclose the mismanagement or malfeasance of a public employer.

Under the FWA, a public entity cannot retaliate against an employee for disclosure of illegal or improper actions of a public entity. Fla. Stat. § 112.3187(4). The FWA provides that if a local government has adopted by ordinance an administrative procedure to handle whistle-blower claims, then a local government employee may bring a civil suit only after exhausting the local government's established procedures. Fla. Stat. § 112.3187 (8)(b).

The Trust submitted uncontroverted evidence to the district court that Miami-Dade County adopted an ordinance establishing an administrative procedure to handle whistle-blower's claims against county agencies. Since Thomas submitted no evidence to show she pursued these remedies before filing her complaint, the district court did not err in granting the Trust's motion for summary judgment as to these claims.

Accordingly, we affirm the grant of summary judgment to the Trust and the denial of summary judgment to Thomas.

**AFFIRMED.**

9