Joan LYONS, Plaintiff,

v.

MIAMI–DADE COUNTY, Defendant.

No. 10–22951–CIV.

United States District Court,
S.D. Florida.

June 3, 2011.

Keith R. Gaudioso, Law Offices of Keith R. Gaudioso, Miami, FL, for Plaintiff.

Robert A. Cuevas, Jr., Miami–Dade County Attorney, William X. Candela, Assistant County Attorney, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Amended Motion for

Summary Judgment (ECF No. 46); Defendant's Amended Statement of Undisputed Material Facts (ECF No. 41); Plaintiffs Statement of Disputed Material Facts in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 59); Plaintiffs Memorandum of Law in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 60); Defendant's Reply Memorandum in Support of its Second Amended Motion for Summary Judgment (ECF No. 61); and Plaintiff's Amended Statement of Disputed Material Facts in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 62).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND [1]

Plaintiff Joan Lyons ("Lyons") brings this lawsuit against Miami–Dade County ("County") for numerous causes of action based upon unlawful retaliation and discrimination in violation of the Americans with Disabilities Act ("ADA"), for alleged violations of the Florida Civil Rights Act of 1992 ("FCRA"), and for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). In 1993, Lyons began working for the County as a Clerk Typist II in the Recording Office. In 2000, Lyons became a Fire Safety Specialist in the Fire

Department's Fire Prevention Bureau. As part of her duties, Lyons would conduct inspections of areas to confirm compliance with the County's Fire Code.

On August 4, 2005, Lyons was injured while working, which caused her to suffer a herniated disk and dislocated vertebrae. In 2006, Lyons began working for the Fire Prevention's Central District. In July 2006, Lyons requested a transfer from the Central District to the North District. Her request was denied by her superiors. The reasons for denying her request are in dispute.

In November 2006, Fire Prevention Chief Manuel Mena ("Chief Mena") suspended Lyons for three days because of insubordination. Lyons claims that she was initially given a "Record of Counseling," which eventually became a "Disciplinary Action Report." Lyons claims she was punished because she would not issue a citation when "she had not been in the field to witness [the violation]." Pl.'s Statement Disp. Mat. Facts (ECF No. 59), ¶ 6. Lyons challenged the suspension by filing a grievance, but an arbitrator found that Lyons was insubordinate.

In December 2006, Chief Fire Office Giovanni Uolla ("Chief Uolla") stated to Lyons in a letter that she needed to provide a "clear plan of action to include a date certain for your return to full duty status," and "effective immediately, you are relieved of duty until you have a re-

---

1. The facts herein are taken from the Defendant's Amended Statement of Undisputed Material Facts (ECF No. 41), Plaintiffs Statement of Disputed Material Facts in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 59), and Plaintiff's Amended Statement of Disputed Material Facts in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 62). The facts are viewed in a light most favorable to Plaintiff. The Court notes that Lyons states that "Plaintiff is unable to admit or dispute the chain of com-

mand, as Plaintiff has not had an adequate opportunity to conduct discovery and depose material witnesses." Pl.'s Stat. of Disp. Mat. Facts, ¶ 3. Plaintiff commenced this lawsuit on August 16, 2010 and all discovery had to be completed seventy days before trial, which was scheduled for June 20, 2011. The Court's scheduling order, which clearly set forth the discovery deadline, was issued on December 27, 2010. The Court will not speculate as to why Plaintiff delayed in conducting discovery, but Plaintiff had "an adequate opportunity" to do so.

lease to full duty from your physician." In response, Lyons requested a medical leave of absence from December 11, 2006 until April 30, 2007. On March 13, 2007, Lyons' request was granted. Chief Mena informed Lyons that she must return to work by May 1, 2007, but prior to returning to work that Lyons must undergo a "fitness for duty examination." In accordance with the County's policies, it required Lyons to bring to the doctor's office "the last 5 years of your medical history related to your condition to the examination." In May 2007, Lyons again requested a medical leave of absence until July 13, 2007 due to "urgent medical care," and Lyons' request was again granted.

On July 20, 2007, Lyons went to the University of Miami for a "fitness for duty examination" and was examined by Dr. Dalisla Soto ("Dr. Soto"). The County alleges that Lyons did not give Dr. Soto her five years of medical history and refused to sign a release to allow Dr. Soto to access the records. Lyons states that she did provide medical records to Dr. Soto, but she refused to release all of her medical records. Despite Dr. Soto not receiving all of the necessary medical records, Lyons claims that on July 31, 2007 Dr. Soto "cleared Lyons to work with the restrictions imposed by Lyons['] personal physician." The County alleges on October 30, 2007 that Chief Mena was given a letter by Dr. Soto stating that Dr. Soto could not provide an opinion as to whether Lyons was fit for duty because Lyons "refused to sign a medical release for medical records from Lyons' attending physician, Dr. Hall." Lyons disputes these allegations in that Lyons claims that she did turn over medical records and that Dr. Soto cleared Lyons to work in accordance with the restrictions given by Lyons' personal physician.

Based upon Lyons' refusal to fully cooperate with the medical requirements, Chief Mena recommended that the County terminate Lyons for insubordination. In January 2008, Fire Department Director Herminio Lorenzo ("Director Lorenzo") terminated Lyons as an employee of the County. Lyons challenged her termination in the County's civil service appeals process, and the hearing examiner determined that the County was "reasonably justified" in requesting five years of medical records and that Lyons was insubordinate. The hearing examiner concluded that dismissal was proper. On June 10, 2009, the County Manager sustained Director Lorenzo's decision to terminate Lyons. Between July 2006 and March 2008, Lyons filed three EEOC complaints asserting that she was discriminated against. On August 16, 2010, Lyons commenced this lawsuit.

## II. STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The Judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only when there is no genuine issue of material fact. *Twiss v. Kury*, 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir.1997). An

issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* However, the nonmoving party "may not rest upon the mere allegations of denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. ANALYSIS

Lyons brings numerous claims against the County, which include: violation of Title VII for unlawful retaliation (Count I); violation of Florida Civil Rights Act of 1992 ("FCRA") (Count II); violation of the ADA for discriminatory testing and unlawful medical inquiry (Count III); violation of the ADA for unlawful retaliation (Count IV); violation of the FCRA for discriminatory testing and unlawful medical inquiry (Count V); violation of FCRA for unlawful retaliation (Count VII); violation of Title VII for unlawful discrimination based on race/and or sex (Count VIII); violation of FCRA for unlawful discrimination based on race and/or sex (Count IX); and violation of Title VII under 42 U.S.C. § 1981 (Count X).[2]

### A. Counts VII and IX

In Counts VIII and IX of the Amended Complaint, Lyons brings claims for violation of Title VII and the FCRA, respectively, based on alleged racial and sexual discrimination. The County claims that the causes of action based upon racial discrimination are "outside the scope" of Lyons' EEOC charges. Moreover, the County alleges that Lyons did not bring her lawsuit for alleged sexual discrimination within ninety days of receiving the EEOC's 2007 Right to Sue Letter. The County, therefore, argues that these claims are barred. Lyons failed to address any of these issues in her Response.[3]

■ A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Res.,* 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation marks and citation omitted). "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely filed EEOC charge." *Thomas v. Miami Dade Pub. Health Trust,* 369 Fed.Appx. 19, 22 (11th Cir.2010) (quoting *A.M. Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1332 (11th Cir.2000)) (overruled on other grounds by *Manders v. Lee,* 338 F.3d 1304, 1328, n. 52 (11th Cir.2003)). "While the scope of an EEOC charge should be liberally construed, the proper inquiry is whether the claims in a judicial complaint are like, related to, or grow out of the allegations contained in the EEOC charge." *Francois v. Miami–Dade Cnty.,* 742 F.Supp.2d 1350, 1353 (S.D.Fla.2010) (citing *Gregory,* 355 F.3d at 1280).

---

2. The Amended Complaint does not allege a Count VI. *See* Am. Compl. (ECF No. 21).

3. The Court notes that Lyons' Response to the Motion for Summary Judgment does not cite one case or legal authority in a seventeen page "memorandum of law."

In 2006, Lyons filed an EEOC complaint stating that she was denied relocation because of her sex. *See* Def.'s Am. Stat. Undisp. Facts (ECF No 41–20). Lyons then received her Notice of Rights Letter on August 24, 2007. Lyons, therefore, had ninety days from receipt of the Notice of Rights Letter to file suit. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339–41 (11th Cir.1999). Lyons failed to do so and she has also not presented any evidence demonstrating such time should be tolled. Thus, her claim for sex discrimination in Counts VIE and IX must be dismissed. *See Santini, M.D. v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir.2000).

As to the race discrimination claims in Counts VIII and DC, Lyons filed three EEOC complaints. *See* Def.'s Am. Stat. Undisp. Facts (ECF Nos. 41–20, 41–22, and 41–24). The subjects of Lyons EEOC complaints were based upon sex discrimination and retaliation, not racial discrimination. Even construing these complaints liberally, racial discrimination is out of the scope of her EEOC charges. Consequently, the claims for racial discrimination in Counts VIII and DC are barred. *See Francois*, 742 F.Supp.2d at 1353 (finding that plaintiff's discrimination "claims were not alleged in his EEOC charge and are thus barred"). Accordingly, counts VIII and IX are dismissed.

### B. Count X

In Count X, Lyons brings a claim against the County for allegedly violating Title VII under 42 U.S.C. § 1981. "Section 1981 cannot be used to sue state actors or entities." *Cason Enter., Inc. v. Metropolitan Dade Cty.*, 20 F.Supp.2d 1331, 1337, n. 5 (S.D.Fla.1998) (citing *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). The County correctly argues that Section 1983 is the "exclusive federal remedy for violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor or entity." *Id.* Lyons again failed to address this issue or provide any legal support demonstrating otherwise. Thus, Lyons cannot bring this claim under Section 1981. Accordingly, Count X must be dismissed without prejudice.

### C. Counts I, II, IV, and VII

In Counts I, II, IV, and VII, Lyons brings claims for alleged violations of Title VII, the ADA, and FCRA for unlawful retaliation. In a retaliation claim, a plaintiff must demonstrate that "he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir.2008) (citation omitted); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff is able to demonstrate these elements, the burden shifts to the defendant and "the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense." *Goldsmith*, 513 F.3d at 1277 (citation omitted). If there is a "legitimate non-discriminatory reason for the challenged employment action," then the plaintiff must show such reason was pretextual. *Thompson v. Miami–Dade Cnty.*, 2009 WL 1097487, at *4 (S.D.Fla.2009). "This burden shifting analysis also applies to claims brought pursuant to the FCRA." *Id.*

According to the Amended Complaint, Lyons claims that the County retaliated against her by terminating her in 2008 because she previously filed EEOC charges. Even if Lyons can make a prima facie case for a retaliation claim, which this Court does not find, County has provided a

legitimate and non-retaliatory reason for her termination and Lyons has failed to show County's reasons were pretextual.

In 2007, Lyons' request for medical leave was granted by the County. Lyons was informed by Chief Mena that when she returned to work that she must undergo a "fitness for duty examination." As part of Lyons' examination, she was required to provide her doctor with five years of medical history. Lyons went to the Miami Wellness Center on July 20, 2007, July 31, 2007, and September 4, 2007. Despite visiting with Dr. Soto on several occasions, Lyons would not provide Dr. Soto with the required medical documents or sign a medical release allowing Dr. Soto to discuss Lyons' medical history with Lyons' personal physician. Lyons admits that Dr. Soto stated in her notes that a final decision could not be reached as to whether Lyons could return to full duty. Moreover, Lyons also admits that she would not sign the medical release and did not give Dr. Soto all of the requested medical documents. Based upon Lyons' actions and prior insubordination, Chief Mena recommended the termination of Lyons for insubordination. Director Lorenzo terminated Lyons' employment in January 2008 based upon her refusal to comply with orders.

These undisputed facts demonstrate that the County had a legitimate and non-retaliatory reason for terminating Lyons. Lyons was required to comply with the County to determine whether she was fit for full duty and she refused to do so. Lyons has failed to demonstrate or show any evidence explaining how the County's reasons for termination should in anyway be construed as pretextual. Moreover, as part of Lyons' civil service appeal, the hearing examiner concluded that dismissal was appropriate discipline. This finding was again sustained by the County Manager. Lyons' baseless assertions that the County retaliated against her do not meet her burden of showing the County's reason for her termination were a pretext for retaliation. Accordingly, Lyons' claims in Counts I, II, IV, and VII must be dismissed.

### D. Counts III and V

In Counts III and V, Lyons alleges County discriminated against her in requiring a medical examination and for her to provide medical records to Dr. Soto in violation of the ADA and FCRA. ADA and FCRA claims are analyzed under the same framework. *Holly v. Clairson Industries, LLC*, 492 F.3d 1247, 1257 (11th Cir.2007). "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled;[4] (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Id.* Under the ADA, an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such an employee is an individual with a disability or as to the nature or severity of the disability, unless such examination is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Employers "may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B).

Lyons argues that the medical documents required by the County were

---

4. With regard to 42 U.S.C. § 12112(d)(4)(A), the Eleventh Circuit "has not addressed whether this provision applies to a non-disabled employee." *Watson v. City of Miami Beach*, 177 F.3d 932, 935 (11th Cir.1999).

There is no need to determine whether Lyons is considered "disabled" because she has failed to state a claim under the ADA whether or not she is "disabled."

"beyond those relevant for her fit-for-duty examination." ECF No. 60, p. 17. This Court disagrees. There is no dispute that Lyons was granted a medical leave of absence at her own request. In addition, Lyons' medical leave of absence was extended due to other "urgent medical care." In accordance with the County's policies, prior to Lyons returning to work, the County required Lyons to have a medical examination, which also included her giving Dr. Soto five years of medical history related to her medical issue. It is clear that the County needed this information to determine whether Lyons was able to perform her job-related functions. Despite knowing the County's requirements, Lyons repeatedly refused to provide Dr. Soto with all of the requested medical documents.[5] Because Lyons did not give the required medical records to Dr. Soto, Dr. Soto was unable to conclude whether Lyons could return to her full duty status and what job functions she could perform.

It is unreasonable for Lyons to argue that these requirements were based on any form of discrimination. The County clearly has the right under the ADA and FCRA to require Lyons to undergo a fit for duty examination and provide the attending doctor with necessary medical history, especially given the fact she was returning to work from a leave of absence because of her medical condition. *See Watson,* 177 F.3d at 935–36. Lyons again has failed to provide any evidence that she was discriminated against in any manner.

Accordingly, claims III and V must be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Second Amended Motion for Summary Judgment (ECF No. 46) is GRANTED. Count X is dismissed without prejudice. The Clerk of the Court is instructed to CLOSE this case. Any other pending motions are DENIED AS MOOT.

---

**5.** As part of Lyons' Amended Statement of Disputed Material Facts in Opposition to Defendant's Second Amended Motion for Summary Judgment (ECF No. 62–17), Lyons attached a letter written by Dr. Soto that states "Mr. Lyons was informed that a letter would be made out to her attending physician, Dr. Anthony Hall, to request additional medical information. She was also advised that she needed to sign a Medical Release Form in order for us to communicate directly with Dr. Hall and receive medical information. On September 24, 2007 Ms. Lyons arrived at the Wellness Center to pick up a copy of her medical records and at that time repeatedly refused to sign the Medical Release Form. In view of this, the Fitness for Duty evaluation cannot be completed." Thus, under Lyons' own evidence submitted to this Court, Lyons has shown that she did not provide the required medical records to Dr. Soto.