Shervin **FULFORD.,** Plaintiff,

v.

**MIAMI–DADE COUNTY,** Defendant.

**Case No. 15–cv–23061–KMM**

United States District Court,
S.D. Florida.

Signed November 10, 2016

Noah E. Storch, Richard Bernard Celler, Richard Celler Legal, P.A., Davie, FL, for Plaintiff.

Abigail Price-Williams, Miami-Dade County Attorney, William X. Candela, Assistant County Attorney, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

K. MICHAEL MOORE, CHIEF
UNITED STATES DISTRICT JUDGE

THIS CAUSE came before the Court upon Defendant Miami–Dade County's Motion for Summary Judgment (ECF No. 43). Plaintiff Shervin Fulford ("Fulford")

filed a Response (ECF No. 50), and Defendant filed a Reply (ECF No. 52). This Motion is now ripe for review. UPON CONSIDERATION of the Motion, Plaintiff's Response, Defendant's Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court grants Defendant's Motion for Summary Judgment.

## I. BACKGROUND [1]

Defendant Miami–Dade County ("the County"), a political subdivision of the State of Florida, operates the Miami–Dade Corrections & Rehabilitation Department ("the MDCR"), where the County's correctional facility houses and rehabilitates inmates. The MDCR employs about 2,000 law enforcement personnel. These employees are given different ranks, which consist of, from lowest to highest: officer, corporal, sergeant, lieutenant, captain, chief, deputy director, and director.

The MDCR's employees are governed by the Country's Personnel Rules for the Classified Service. Pursuant to these rules, after an MDCR employee is promoted he or she must successfully undergo a one-year probationary period in order to receive permanent classified service status in that role. The MDCR Department Director or an appointed designee may remove or demote the employee at any time throughout this one-year probationary period. This demotion does not require formal charges against the employee, and the employee has no right to appeal. Only a County employee with permanent classified service status may appeal a disciplinary decision through the County's civil service appeal process.

---

1. The facts herein are undisputed and taken from Defendant's Statement of Material Facts (ECF No. 44), unless otherwise noted.

## A. Investigation into Fulford Results in the Failure of His Probationary Period as Sergeant

In 2001, the MDCR hired Plaintiff Shervin Fulford ("Fulford") as a correctional officer. The MDCR promoted Fulford to corporal in 2008 and then to sergeant in 2008. It is over the course of the one-year probationary period following Fulford's 2008 promotion that the events of this case transpired. During that time, Fulford was assigned to Pre–Trial Detention Services ("PTDS") in the Housing Division, where he supervised Corrections Officer Valeria Christian ("Officer Christian").

On March 24, 2009, Officer Christian filed a complaint with the Corrections Department Internal Affairs ("IA"). Officer Christian alleged that Fulford had made inappropriate sexual comments to her and had retaliated against her by moving her position within PTDS after she had rejected his advances. Officer Christian also alleged that Fulford propositioned her for sexual favors, made unwelcome sexual advances toward her, obtained her phone number without her consent, showed her sexually suggestive photographs, and made sexual comments to her and about other female employees. Fulford disputes these claims. On March 26, 2009, MDCR Deputy Director Marydell Guevara temporarily transferred Fulford from PTDS to Turner Guilford Knight, another MDCR facility.

IA Sergeant Sheeva Boone ("Sergeant Boone") conducted an investigation into Officer Christian's claims of Fulford's alleged misconduct, interviewing over thirty MDCR employees. Sergeant Boon completed her investigation on July 13, 2009. She submitted the report to the MDCR's Disposition Panel, which, in accordance with the MDCR's standard operating procedure, reviewed the report in order to make a determination as to whether the allegations against Fulford should be "sustained" or "not sustained." The panel consisted of three high ranking MDCR employees appointed by Director Timothy Ryan: Captain Walter Schuh, Captain Cynthia Young, and Captain Marvin Ramsey. On July 31, 2009, the panel sustained eight out of the fourteen allegations against Fulford.

On August 10, 2009, the MDCR's Supervisor of the Labor Management Unit Lieutenant Tamara Key informed Fulford that he would be facing disciplinary action as a result of the investigation. On September 1, 2009, Director Ryan failed Fulford's probation as Sergeant, thereby demoting him to Corporal.

The Disposition Panel's findings were forwarded up the chain of command to Deputy Director Marydell Guevara, who reviewed the findings. On September 4, 2009, Deputy Director Guevara reversed some of the findings, ultimately sustaining twelve of the fourteen allegations against Fulford made by Officer Christian. Director Ryan approved Deputy Director Guevara's findings on September 14, 2009.

## B. Fulford Challenges His Demotion and Subsequent Suspension

On September 9, 2009, Fulford filed with the County's Office of Fair Employment Practices ("FEP") a written complaint alleging that his demotion was unfair; however, he did not indicate in this complaint that he believed he had been subject to discrimination. Fulford has claimed that this is because he "was unaware of the outcome of Dominguez's sexual harassment claim." *See* Pl.'s Stmt. of Disputed/Material Facts ¶ 15 (ECF No. 51). Fulford also challenged his demotion by filing a grievance in arbitration pursuant to a collective bargaining agreement between

the County and the Dade County Police Benevolent Association (PBA).[2]

The arbitration was held before an independent arbitrator approved under the collective bargaining agreement procedure, and Fulford was represented by counsel and permitted to provide evidence and cross-examine witnesses. Fulford's argument at arbitration was that MDCR had unlawfully demoted him in violation of his civil rights by "implementing an illegal program where Hispanic employees were hired and promoted over more qualified African American employees." *See* Fulford Grievance re: Failure of Probation (ECF No. 44–17). Fulford claims that he was "unaware" of any potential gender discrimination at that time. *See* Pl.'s Stmt. of Disputed/Material Facts ¶ 17 (ECF No. 51). The arbitration upheld Director Ryan's decision to demote Fulford, finding that Director Ryan had complied with County procedure and that there was no evidence of discrimination against Fulford.[3]

On October 15, 2009, the MDCR issued Fulford a Disciplinary Action Report (DAR), which was dated August 10, 2009. The DAR informed Fulford that the following allegations had been sustained against him: 1) making sexual advances to Officer Christian; 2) requesting sexual favors from Officer Christian; 3) making sexual comments about female employees' anatomies; 4) retaliating against Officer Christian; 5) obtaining Officer Christian's telephone number for personal use without permission; 6) creating a hostile work environment; 7) displaying sexually suggestive photographs on a Miami–Dade County Computer Terminal; 8) inappropriately using a Miami–Dade County telecommunication device by displaying said photos; and 9) utilizing Officer Juana Rizo's user account without her authorization.

On December 21, 2009, Fulford filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in which he alleged discrimination on the basis of race. On February 2, 2011, the EEOC issued a Notice of Suit Rights ("EEOC Notice"). *See* Notice of Suit Rights (ECF No. 44–20). The EEOC Notice determined that "based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes," and further advised Fulford that he had 90 days from the issuing of the notice to bring a timely lawsuit.[4] *Id.* Fulford failed to sue within this 90 day window.

On February 7, 2011, Director Ryan issued Fulford a letter notifying him that he would face a 30 day suspension based upon his violations enumerated in the DAR. Fulford once again initiated arbitration pursuant to the collective bargaining agreement.

---

**2.** The PBA is the certified bargaining agent representing law enforcement in the County, of which Fulford is a dues-paying member.

**3.** The arbitration decision found that "the record discloses neither a denial of due process nor a lack of sufficient fairness in the application of County rules. Likewise, the record fails to reveal the Grievant to have been the victim of either disparate treatment or discriminatory practices." *See* Arbitration Award re: Failure of Probation (ECF No. 44–12).

**4.** Specifically, the EEOC Notice stated that for those suing under Title VII: "This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." The same 90 day limit applies to state law claims under the FCRA. *See Novelus v. Hebrew Home Sinai, Inc.*, 2012 WL 2675478, at *2 (S.D. Fla. July 6, 2012) ("The same ninety days rule applies to complaints filed under the FCRA.").

While the arbitrator concluded that Fulford had behaved in an "egregiously improper manner," he found in his favor due to the delay in time between Fulford's actions and the issuing of the suspension.

In March 2012, Officer Christian filed another complaint with MDCR IA against Fulford, alleging that Fulford called her "a devil." After an investigation and a Disposition Panel finding sustaining the allegation, Captain Young issued Fulford a Written Reprimand on November 9, 2012.

Fulford filed a second EEOC discrimination suit on November 29, 2012, once again regarding his failed tenure as sergeant and his demotion to corporal in 2009. It was at this point that Fulford first raised the argument that he was discriminated against on the basis of his male gender (and did not again raise a race or national origin discrimination argument). Fulford pointed to the MDCR's handling of the 2010–2011 investigation of Lieutenant Mariette Dominguez, a woman, as evidence that he had been discriminated against on the basis of sex because Lieutenant Dominguez had not been demoted.[5] Fulford did not become aware of the results of the Lieutenant Dominguez investigation until June 18, 2012. *See* Pl.'s Response at 7–8 (ECF No. 50).

In his 2012 EEOC complaint Fulford also alleged that the November 2012 Written Reprimand was retaliation for the arbitrator's 2011 rescission of Fulford's suspension and Fulford's 2009 EEOC charge. Fulford never heard anyone from MDCR

management remark in such a way that would indicate the Written Reprimand was retaliatory. *Id.* ¶ 26. On July 14, 2014, the EEOC issued Fulford a Letter of Determination. Then, on May 2, 2015, the EEOC issued Fulford a Notice of Suit Rights, once again giving Fulford 90 days to file a suit.

Fulford filed the instant lawsuit on August 14, 2015. On January 9, 2016, Fulford filed an Amended Complaint (ECF No. 20).[6] Fulford's claims to be addressed on summary judgment are: 1) his claims of gender discrimination under federal and state law (Counts I and II); and 2) his claims of retaliation under federal and state law (Counts III and IV). Fulford seeks declaratory relief and damages. *See* Pl.'s Am. Compl. ¶ 76–80 (ECF No. 20).

The County now moves for entry of summary judgment against Fulford.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The material facts are determined by the substantive law applicable to the case, and a genuine issue exists as to those facts when "a reasonable jury could return a verdict for the non-moving party." *Id.*

---

5. Instead, on October 17, 2011, Deputy Director Guevera recommended that Lieutenant Dominguez receive a five day suspension. The reviewing Disposition Panel had sustained charges that Lieutenant Dominguez had made unwelcome sexual gestures and comments toward staff, although made no finding that she had retaliated against employees. Lieutenant Dominguez had been a lieutenant with the MDCR for seven years and, unlike Fulford, was not on a probationary period at the time of her investigation.

6. Fulford made a number of typographical errors in his Amended Complaint, but has clarified that he is not alleging race discrimination or gender-based harassment. *See* Pl.'s Response at 8, n.1 (ECF No. 50).

The moving party bears the initial burden of showing absence of a genuine issue as to all material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries this burden, responsibility shifts to the non-moving party to "show the existence of a genuine issue as to the material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citations omitted). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505). In deciding a motion for summary judgment, the court must view all of the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348.

## III. ANALYSIS

The County seeks summary judgment on all claims brought by Fulford: 1) his federal gender discrimination claim (Count I); 2) his state law gender discrimination claim (Count II); 3) his federal retaliation claim (Count III); and 4) his state law retaliation claim (Count IV). As Fulford's gender discrimination claims are untimely and he cannot establish a prima facie case

of retaliation under either federal or state law, summary judgment is proper.

### A. Summary Judgment is Proper Regarding Counts I and II of Fulford's Amended Complaint Because Fulford's Gender Discrimination Claims are Untimely

A timely EEOC charge is required before a plaintiff can properly bring a Title VII action alleging discrimination. *See Thomas v. Miami Dade Public Health Trust*, 369 Fed.Appx. 19, 21–22 (11th Cir. 2010) (citing *A.M. Alexander v. Fulton Cty., Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000) (overruled on other grounds)). In *National Railroad Passenger Corporation v. Morgan*, the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his [EEOC] charge within the appropriate time period" after the alleged unlawful employment practice occurred, which in Fulford's case is 300 days as set forth in 42 U.S.C. § 2000e–5(e)(1). *See* 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Under Florida law, this period is 365 days. *See Johnson v. Young*, 2016 WL 4536406, at *2 (N.D. Fla. Aug. 30, 2016) (citing Fla. Stat. § 760.11).

Fulford alleges in his Amended Complaint that two particular events constitute gender discrimination under Title VII and the FCRA: 1) the MDCR's decision in 2009 to discipline Fulford by failing his probation and demoting him; and 2) the MDCR's 2011 decision, later overturned, to suspend Fulford for 30 days. The plaintiff's complaint is limited by the scope of the EEOC charge and accompanying investigation. *See Thomas*, 369 Fed.Appx. at 22. Therefore, the district court must determine "if the allegations in the complaint were like or related to, or grew out of, the allegations in the EEOC charge." *Id.* Fulford's Amended Complaint relies on the

operative 2012 EEOC Charge that granted Fulford the right to sue Miami–Dade County within 90 days of Fulford's receipt of the Right to Sue letter.

■ Fulford does not dispute that his 2012 EEOC charge was not filed within the applicable time period, but instead argues that the Court should apply the doctrine of equitable tolling in considering his gender discrimination claim. *See* Pl.'s Response at 5–8 (ECF No. 50). The issue of whether equitable tolling should be applied in this situation is a question of law for the Court. *See Justice v. U.S.*, 6 F.3d 1474, 1478 (11th Cir. 1993) (citing *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1531 (11th Cir. 1992)).

■ It is well-established that equitable tolling is "an extraordinary remedy which should be extended only 'sparingly.'" *Id.* at 1479 (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 90, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). In *Jones v. Wynee*, the Eleventh Circuit recognized three distinct scenarios in which Courts should apply this extraordinary remedy: 1) when there is a pending state court action; 2) when "the defendant has concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these acts;" and 3) when the EEOC mislead the complainant about the nature of their Title VII rights. 266 Fed. Appx. 903, 906 (11th Cir. 2008) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir. 1979)).[7] As to the second scenario, courts typically require some demonstration of "affirmative misconduct, such as deliberate concealment." *See Abello v. Fernandez–Larios*, 402 F.3d 1148, 1155 (11th Cir. 2003).

■ Here, there is no pending state court action related to Fulford's case, and Fulford does not allege that he was in any way mislead by the EEOC. As for the second scenario, Fulford does not provide any evidence that the County or the MDCR concealed information from him that was relevant to his cause of action. In fact, as Fulford brought a charge of discrimination before the EEOC in 2009, it is clear that at least from that point onward he believed that he was the victim of discrimination under Title VII.

Fulford draws attention to *Sturniolo v. Sheafer Eaton, Inc.*, where the Eleventh Circuit held that under the doctrine of equitable tolling, "a limitations period does not start to run until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights." 15 F.3d 1023, 1025 (11th Cir. 1994). Fulford argues that equitable tolling should apply in his case because he was not aware of the precise nature of this alleged discrimination—more particularly, the supposed gender-based nature of the discrimination—until he discovered in June 2012 that Lieutenant Dominquez had been investigated for inappropriate and offensive sexual conduct and had been disciplined more leniently. However, while the Eleventh Circuit found in favor of the plaintiff in *Sturniolo*, the plaintiff in that case had previously believed that his dismissal was for business reasons and had not suspected any discriminatory conduct until he found out he had been replaced by a younger employee. *Id.* at 1025–26. In addition, the plaintiff in that case had not filed an EEOC charge prior to learning to new information.

---

7. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Fulford's case differs from *Sturniolo* because he had believed from the outset that his probation failure was the result of discrimination, as evidence by his first 2009 EEOC charge and other challenges to his demotion. Furthermore, while "mere suspicion" of discrimination is not enough to prevent equitable tolling, tolling is not permitted where the plaintiff "has knowledge of facts sufficient to support a prima facie case of discrimination." *Id.* at 1026. As a result, Fulford's case is more analogous to the facts of *Essick v. Fidelity National Services, Inc.*, where the court granted the defendant's motion for summary judgment and distinguished from *Sturniolo* by finding that the plaintiff had previously possessed facts or knowledge already sufficient to bring a discrimination claim. *See* 2016 WL 3615677, at *9 (M.D. Fla. July 6, 2016) (finding that "this is not a case where an employee accepted a facially valid reason for an adverse employment action and only later discovered that reason was false"); *see also Johnson*, 2016 WL 4536406 at *2 ("[T]he 300–day period does not reopen each time an employee learns a fact that, according to the employee, supports a claim of discrimination. If the law were otherwise, the 300–day limitation would lose much of its effectiveness.").

Fulford's claim as to his 2011 suspension, which was ultimately reversed, is also untimely. Director Ryan issued the 30 day suspension on February 7, 2011—more than a year in advance of Fulford's filing of his second EEOC charge on November 29, 2012.

For the reasons above, no genuine issue of material fact exists to prevent the Court from ruling as a matter of law that Fulford's gender discrimination claims are un-

timely. Summary judgment in favor of the County is therefore appropriate.

**B. Summary Judgment is Proper Regarding Plaintiff's Count III and IV Retaliation Claims Because Plaintiff Fails to Establish a Prima Facie Case of Retaliation Under State or Federal Law**

Fulford's two remaining claims are for retaliation in violation of both Title VII and the FCRA. Fulford's state retaliation claim is analyzed under the same standard as his federal retaliation claim. *See Masso v. Miami–Dade Cty.*, 465 F.Supp.2d 1260, 1263, n.1 (S.D. Fla. 2006) (citing *Tippie v. Spacelabs Med., Inc.*, 180 Fed.Appx. 51, 53 (11th Cir. 2006)).

To establish a prima facie case of retaliation, a plaintiff must show that he or she "engaged in a statutorily protected activity, he [or she] suffered a materially adverse action, and there was some causal relation between the two events." *See Lyons v. Miami–Dade County*, 791 F.Supp.2d 1221, 1226 (S.D. Fla. 2011) (quoting *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008)) (quotation marks omitted).

Fulford argues that "incidents of retaliation commenced" following his filing of his 2009 EEOC complaint. *See* Pl.'s Response at 19 (ECF No. 50).[8] However, Fulford does not provide the Court with any record evidence in support of the existence of a causal relation between his filing of the 2009 EEOC complaint and the 2012 Written Reprimand. *See Wallace v. Georgia Dept. of Transportation*, 212 Fed. Appx. 799, 802 (11th Cir. 2006) (holding that "[i]n absence of additional evidence showing causation, [a] seven-month disparity is insufficient to show the requisite

8. Any retaliation claim related to Fulford's 2011 suspension is untimely for the same

reasons his gender discrimination claims are untimely with regard to this incident.

causal connection needed to establish a prima facie case of retaliation").

For the reasons above, Fulford has not presented evidence to establish a prima facie case of retaliation. There is no material fact in dispute. As a result, the Court also grants summary judgment with regard to Fulford's state and federal retaliation claims.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that the County's Motion for Summary Judgment (ECF No. 43) is GRANTED.

The Clerk of Court is instructed to CLOSE this case. All other pending motions are DENIED AS MOOT.

Done and ordered in Chambers at Miami, Florida, this 10th day of November, 2016.